**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

Case No. 3:25-cr-217-TJC-MCR

v.

BOBRA POWELL, JR.

_____

**O R D E R**

This case is before the Court on Defendant Bobra Powell, Jr.'s Motion to Dismiss Indictment. (Doc. 26). The government filed a response in opposition. (Doc. 29). Powell is charged with knowingly possessing a firearm as a person who was previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. 1).

Powell contends that dismissal is appropriate for two reasons: (1) because § 922(g)(1) unconstitutionally infringes on his Second Amendment right, and (2) because § 922(g)(1) exceeds Congress's Commerce Clause authority. (Doc. 26 at 2).[1] Powell "recognizes that Eleventh Circuit precedent likely bars his claim," but filed the motion to dismiss "to present and preserve the argument for appellate review." (Id. at 1). Each of his arguments is addressed in turn.

---

[1] This Court has previously ruled on nearly identical issues. <u>See, e.g.</u>, <u>United States v. Kirby</u>, No. 3:22-cr-26-TJC-LLL, 2023 WL 1781685, (M.D. Fla. Feb. 6, 2023) (denying defendant's motion to dismiss indictment based on Second Amendment and Commerce Clause arguments).

First, the Eleventh Circuit has held that despite recent Supreme Court Second Amendment rulings, § 922(g)(1) does not violate the Second Amendment. United States v. Dubois, 139 F.4th 887, 888–89 (11th Cir. 2025) ("[W]e conclude that Rahimi—like New York State Rifle & Pistol Ass'n v. Bruen[]—did not abrogate our holding in Rozier that section 922(g)(1) is constitutional under the Second Amendment."). Thus, while Powell argues that the Bruen history and tradition test for analyzing restrictions on the right to bear arms should be applied, the Court will not do so. Future Supreme Court rulings may change the law, but this Court remains bound by current Eleventh Circuit precedent. See Garrett v. Univ. of Alabama at Birmingham Bd. of Trs., 344 F.3d 1288, 1292 (11th Cir. 2003) ("While an intervening decision of the Supreme Court can overrule the decision of a prior panel of our court, the Supreme Court decision must be clearly on point."); Dubois, 129 F.4th at 892–93 ("If the Supreme Court never discussed our precedent and did not otherwise comment on the precise issue before the prior panel, our precedent remains binding.") (quotations omitted).

Second, Powell contends that § 922(g)(1) exceeds Congress's Commerce Clause powers because it purports to prohibit "non-economic" and "purely intrastate conduct." (Doc. 26 at 10). He argues that the Commerce Clause standard set forth in United States v. Lopez, 514 U.S. 549 (1995) should apply, instead of Eleventh Circuit precedent holding that the statute's clause "'in or affecting commerce' indicates a Congressional intent to assert its full Commerce Clause

2

power." <u>United States v. Wright</u>, 607 F.3d 708, 715 (11th Cir. 2010) (quoting <u>Scarborough v. United States</u>, 431 U.S. 563, 571 (1977)). As the Government explained, however, "[e]fforts to extend the Commerce Clause challenges to 922(g) have failed because Section 922(g) contains [this] specific jurisdictional clause that is not present in the statutes struck down in <u>Lopez</u> and <u>Morrison</u>." (Doc. 29 at 5). The Court declines Powell's invitation to apply the <u>Lopez</u> standard. Under current precedent, § 922(g)(1) does not exceed Congress's authority under the Commerce Clause.

Accordingly, it is hereby

**ORDERED:**

Defendant Bobra Powell, Jr.'s Motion to Dismiss Indictment (Doc. 26) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of April, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:
Elisibeth Adams, AUSA
Sabra Barnett
U.S. Probation
U.S. Pretrial Services
U.S. Marshals Service
Defendant

3